George Haines, Esq.
Nevada Bar No.9411
Micheal J. Brock, Esq.
Nevada Bar No. 9353
HAINES & KRIEGER, LLC
1020 Garces Ave.
Las Vegas, NV 89101
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorneys for Nicholas S. Cardinale

E-FILED: March 8, 2011

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>**Nicholas S. Cardinale**,<br><br>Debtor(s). | Case No. BK-S-10-22163-BTB<br>Chapter 13<br><br>Hearing Date:  OST<br>Hearing Time:  OST |

### MOTION TO VACATE OR AMEND THE ORDER VACATING THE AUTOMATIC STAY AS TO US BANK NATIONAL ASSOCIATION

COMES NOW Debtor, **Nicholas S. Cardinale**, by and through Micheal J. Brock, Esq., of the law firm of HAINES & KRIEGER, LLC, and moves the Court pursuant to Rule 9024 of the Bankruptcy Rules and Rule 60 of the Federal Rules of Civil Procedure for an order to VACATE OR AMEND THE ORDER VACATING THE AUTOMATIC STAY AS TO US BANK NATIONAL ASSOCIATION entered by the Court in the above matter.

DATED March 8, 2011

                                        HAINES & KRIEGER, LLC
                                        By: /s/Micheal J. Brock
                                            Micheal J. Brock, Esq.

## POINTS AND AUTHORITIES

### THE COURT MAY RELIEVE A PARTY FROM AN ORDER DUE TO MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT.

Pursuant to Bankruptcy Rule 9024, FRCP 60(b) applies where a party requests relief from judgment or order entered by the Bankruptcy Court.

FRCP 60(b) states that "[o]n motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect…"

### STATEMENT OF FACTS

1. Debtor filed the instant Chapter 13, Case Number 10-22163, on June 29, 2010.

2. Debtor is the owner of record of the property known as: 2505 Festive Court, North Las Vegas, Nevada 89032, Clark County Assessor Parcel No. 139-08-516-089 (hereinafter the "Subject Property")

3. On or about, September 30, 2010, US BANK NATIONAL ASSOCIATION (hereafter "Creditor') filed a motion to vacate the automatic stay with respect to the Subject Property.

4. Debtor opposed the motion on the basis that he was seeking a loan modification.

5. On January 11, 2011, at the continued hearing on the motion, Creditor's motion was granted by the Court.

6. Debtor, through counsel, requested that the lift of stay be conditioned upon the recording of a new notice of default to allow Debtor to participate in the State

Foreclosure Mediation Program; however, Creditor's counsel represented to the Court that he believed that Debtor had received an opportunity to mediate under the prior notice of default.

7. Upon that representation, the Court denied Debtor's request that the lift of stay be conditioned upon the recording of a new notice of default.

8. A review of the records of the Clark County Recorder shows that the notice of default was recorded against the Subject Property on June 29, 2010; the same date that Debtor filed for bankruptcy protection. See Clark County Recorder Records, attached hereto as **Exhibit "1"**.

9. Accordingly, Debtor has not been afforded an opportunity to participate in the State Foreclosure Mediation Program.

WHEREFORE, the Debtor now requests that the Court:

1. Vacate the Order Vacating the Automatic Stay as to Creditor and order that a new Order be entered that conditions relief from stay on the recording of a new notice of default;

2. Alternatively, Order that the Order Vacating the Automatic Stay be amended to require the Creditor record a new notice of default as a condition of relief from stay;

3. Grant such other relief as the Court finds appropriate.

Dated: March 8, 2011

/s/Micheal J. Brock
Micheal J. Brock, Esq.
HAINES & KRIEGER, LLC
Attorneys for Debtor

- 3 -